


Honorable Linda B. Riegle
United States Bankruptcy Judge

Entered on Docket
November 22, 2013

Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-12-14724-LBR |
| WILLIAM WALTER PLISE, AKA BILL PLISE, | Chapter 7 |
| Debtor. | |
| SHELLEY D. KROHN, CHAPTER 7 TRUSTEE, | Adv. No. BK-S-13-01046-LBR |
| Plaintiff, | |
| v. | |
| MOUNTAIN SPRINGS DEVELOPMENT, LLC; 1406643 ALBERTA, LTD.; JON E. FIELD, as Trustee of the Commonwealth Asset Trust; DOE individuals 1-10; and ROE corporations 1-10, | **ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019** |
| Defendants. | |

| | |
|---|---|
| VARDA JARIV, as Trustee of the Commonwealth Asset Trust,<br><br>      Counterclaimant.<br>v.<br><br>SHELLEY D. KROHN, CHAPTER 7 TRUSTEE,<br><br>      Counter-Defendant. | Date of Hearing: November 19, 2013<br>Time of Hearing: 9:30 a.m.<br>Place: Courtroom No. 1, Third Floor<br>      Foley Federal Building<br>      300 Las Vegas Blvd., S.<br>      Las Vegas, NV 89101<br><br>Judge: Honorable Linda B. Riegle |

    This matter came before this court on the Motion to Approve Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion") [Adversary Proceeding Docket No. 82], filed on September 30, 2013 by Shelley D. Krohn, the Chapter 7 Trustee in the above-referenced bankruptcy case and plaintiff in the above-referenced action ("Trustee" or "Plaintiff"), by and through her counsel, Victoria L. Nelson, Esq. and Jacob L. Houmand, Esq., of the law firm of Nelson & Houmand, P.C. The Motion sought approval of a settlement agreement entered into between the Trustee, Jon E. Field ("Field"), Mountain Springs Development, LLC ("Mountain Springs Development"), and Field Law, Ltd. ("Field Law") (the "Settlement Agreement"). No Oppositions were filed to the Motion. Jacob L. Houmand, Esq. appeared on behalf of the Trustee and all other appearances were noted on the record.

    The Court reviewed the Motion, the Declaration of Shelley D. Krohn In Support of the Motion to Approve Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 [Adversary Proceeding Docket No. 83], the exhibits attached thereto, and all of the pleadings and papers on file herein. Based on this review and consideration and good cause appearing,

    **IT IS HEREBY ORDERED** that the Motion is **GRANTED** in its entirety.

. . .

. . .

. . .

. . .



1  **IT IS FURTHER ORDERED** that the Settlement Agreement, a copy of which is
2  attached hereto, made a part hereof and marked as **Exhibit "1"**, is approved and the provisions
3  thereof are made an order of the Court.

5  **IT IS SO ORDERED.**

7  **Prepared and Submitted By:**

8  **NELSON & HOUMAND, P.C.**

/s/ *Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:      702/720-3370
Facsimile:       702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

-3-

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89139
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

## RULE 9021 CERTIFICATE

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐  The Court has waived the requirements set forth in LR 9021(b)(1).

☐  No party appeared at the hearing or filed an objection to the motion.

☒  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| Party | Response |
|---|---|
| Louis M. Bubala, Esq. (NV Bar No. 8974)<br>Brett F. Meich (NV Bar No. 11208)<br>50 West Liberty, Suite 950<br>Reno, Nevada 89501<br>*Attorneys for Mountain Springs Development, LLC and Jon E. Field* | Approved as to form and content. |

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

NELSON & HOUMAND, P.C.

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

###

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement") is made and entered into by Shelley D. Krohn, the Chapter 7 Trustee in the bankruptcy case *In re William Walter Plise* (Case Number BK-S-12-14724) currently pending before the United States Bankruptcy Court for the District of Nevada (the "Trustee"), and Jon E. Field ("Mr. Field"), Field Law Ltd. (Mr. Field and Field Law, Ltd., collectively referred to as "Field"), and Mountain Springs Development, LLC ("MSD") (the Trustee, Field, and MSD shall be collectively referred to as the "Parties"). This Agreement is based in part upon the following recitals of facts:

## RECITALS

WHEREAS, on or about June 9, 2008, Mr. Field filed a registration for 1406643 Alberta, Ltd. ("Alberta Ltd.") in the Province of Alberta, Canada.

WHEREAS, the Trustee asserts that the Corporate Registration System for Alberta, Canada identifies that Mr. Field holds a fifty-one percent (51%) ownership interest in 1406643 Alberta and that the Debtor holds a forty-nine (49%) ownership interest in 1406643 Alberta.

WHEREAS, Mr. Field asserts that he transferred all his interest in Alberta Ltd. to Debtor on June 10, 2008 and that he resigned as director and secretary of Alberta Ltd. on July 31, 2008.

WHEREAS, the Trustee asserts that on or about June 20, 2008, a bank account was opened in in the name of Alberta Ltd. with Royal Bank of Canada (the "RBC Bank Account").

WHEREAS, William Walter Plise (the "Debtor") was the only individual who had signatory authority for the RBC Bank Account.

WHEREAS, the Trustee asserts that on June 2, 2008, the Debtor transferred approximately $10,200,000 to a bank account held in the name of Nevada Aero Parts, LLC ("Nevada Aero Parts") at Bank of America, N.A. The $10,200,000 that was transferred to Nevada Aero Parts on the date of the City Crossing Bankruptcy consisted of wire transfers from the Debtor's personal bank accounts.

WHEREAS, the Trustee asserts that at the time of the $10,200,000 in transfers to the Nevada Aero Parts bank account, the Debtor was the sole member and manager of Nevada Aero Parts.

WHEREAS, the Trustee asserts that on June 17, 2008, the Debtor wired $4,000,000 outside the United States from the Nevada Aero Parts bank account to the RBC Bank Account.

WHEREAS, the Trustee asserts that on or about October 15, 2008, the Debtor wired $500,000 from the RBC Bank Account into a bank account held in the name of MSD (the "RBC Transfer").

WHEREAS, the RBC Transfer was purportedly the payment of a flat fee retainer for Field to represent and counsel the Debtor and entities owned or controlled by the Debtor.

WHEREAS, on April 23, 2012, the Debtor filed a Petition under Chapter 7 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada, Case Number BK-S-12-14724 (the "Bankruptcy Case").

WHEREAS, on April 23, 2012, the Trustee was appointed as the Chapter 7 Trustee in the Bankruptcy Case.

WHEREAS, on March 14, 2013, the Trustee commenced an adversary proceeding by filing a Complaint against MSD and Alberta Ltd., alleging the following claims for relief: (1) Alter Ego; (2) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. Section 544; (3) Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. Section 550; and (4) Turnover of Estate Property Pursuant to 11 U.S.C. Section 542 (the "Complaint") (Adversary Proceeding Number 13-01046) currently pending before the United States Bankruptcy Court for the District of Nevada [Adversary Proceeding Docket No. 1].

WHEREAS, on April 4, 2013, the Trustee filed a First Amended Complaint against MSD and Alberta Ltd., alleging the following claims for relief: (1) Alter Ego; (2) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. Section 544; (3) Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. Section 550; (4) Turnover of Estate Property Pursuant to 11 U.S.C. Section 542; and (5) Injunctive Relief Pursuant to Bankruptcy Rule of Civil Procedure 7065 (the "First Amended Complaint") [Adversary Proceeding Docket No. 9].

WHEREAS, on April 4, 2013, the Trustee filed a Second Amended Complaint against MSD, Alberta Ltd., and Mr. Field as the trustee of the Commonwealth Asset Trust, alleging the following claims for relief: (1) Alter Ego; (2) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. Section 544; (3) Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. Section 550; (4) Turnover of Estate Property Pursuant to 11 U.S.C. Section 542; and (5) Injunctive Relief Pursuant to Bankruptcy Rule of Civil Procedure 7065 (the "Second Amended Complaint") [Adversary Proceeding Docket No. 10].

WHEREAS, on June 6, 2013, the Trustee filed a motion for leave to file a third amended complaint, which at least in part would name Mr. Field individually as a defendant [Adversary Proceeding Docket No. 60].

WHEREAS, on June 25, 2013, the Trustee, MSD, Mr. Field, and the Commonwealth Asset Trust filed a Stipulation allowing the Trustee to file a Third Amended Complaint (the "Stipulation to Amend") [Adversary Proceeding Docket No. 66].

WHEREAS, on June 26, 2013, the Court entered an Order Approving the Stipulation to Amend [Adversary Proceeding Docket No. 68].

WHEREAS, the Trustee subsequently advised Mr. Field that she was prepared to amend the Complaint to name Mr. Field and Field Law as defendants.

NOW THEREFORE, in consideration of the mutual covenants contained in this Agreement and other good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>Settlement Agreement</u>. In settlement of the claims for relief in the Second Amended Complaint as pled or might be pled against Mr. Field, Field Law, MSD, and the Commonwealth Asset Trust, the Parties agree that Mr. Field shall pay the bankruptcy estate One Hundred Ninety Thousand Dollars ($190,000) according to the following terms:

   a. No later than thirty (30) calendar days after the entry of the order approving this Agreement, Mr. Field shall pay the Trustee One Hundred and Twenty-Five Thousand Dollars ($125,000).

   b. No later than one hundred and eighty (180) calendar days after the entry of the order approving this Agreement, Mr. Field shall pay the Trustee the remaining Sixty-Five Thousand Dollars ($65,000).

   c. No later than ten (10) calendar days after the entry of the order approving this Agreement, Mr. Field shall execute a deed of trust in favor of the Trustee in the amount of One Hundred and Ninety Thousand Dollars ($190,000) that is secured by the real property located at 2055 Alcova Ridge Drive, Las Vegas, Nevada 89135 (Parcel Number 164-02-220-014) (the "Alcova Ridge Property" and "<u>Deed of Trust</u>"). The amount secured by the Deed of Trust shall be reduced by any and all payments made by Mr. Field to the Trustee.

   d. No later than ten (10) calendar days after the entry of the order approving this Agreement, Mr. Field shall execute a waiver of any homestead exemption Mr. Field may be entitled to claim under Nevada or Federal law in Alcova Ridge Property in the amount of One Hundred and Ninety Thousand Dollars ($190,000). The amount of the homestead exemption waived by Mr. Field shall be reduced by any and all payments made by Mr. Field to the Trustee.

   e. No later than ten (10) calendar days after receipt of One Hundred and Ninety Thousand Dollars ($190,000), the Trustee shall execute a reconveyance of the Deed of Trust and release of the waiver of the homestead exemption.

      2.      <u>Release of Claims Relating to the RBC Transfer</u>. The Trustee agrees to release Mr. Field, Field Law, MSD and the Commonwealth Asset Trust from all claims arising out of the RBC Transfer.

      3.      <u>Release of Claims</u>. The Trustee further agrees to release Field and MSD from any other claims that can be filed by the Trustee on behalf of the Debtor's bankruptcy estate, including from any legal malpractice claims based on conduct either before or after of the filing of Debtor's bankruptcy petition. The parties agree that this release of malpractice claims against Field shall not constitute a release or settlement of any malpractice claims that may be asserted by the Trustee on behalf of the Debtor's bankruptcy estate against any other third party that provided professional services to the Debtor including, but not limited to, James L. Moore and Mitchell D. Stipp.

The release of claims against Field is contingent on Mr. Field's representation that he is not in possession of, and does not control, any bankruptcy estate assets. Mr. Field further represents that he has not received any transfers of bankruptcy estate assets (other than the RBC Transfer alleged by the Trustee, but disputed by Field and MSD) prior to the filing of the Debtor's bankruptcy petition. If the Trustee discovers evidence that Mr. Field's representations under this section are untrue, then the release of claims against Field under this section is null and void as to such misrepresentation(s).

      4.      <u>Field's Cooperation With the Trustee</u>. Mr. Field agrees to assist the Trustee with the administration of the Bankruptcy Estate by providing any services, documents, or information requested by the Trustee including, but not limited to, the following:

            a.      Any information or documents regarding the Debtor's financial affairs, or the financial affairs of any entity owned (either wholly or in part) or controlled by the Debtor.

            b.      Any information or documents regarding the transfer of any of the Debtor's personal assets to third parties.

            c.      Any information or documents regarding any lawsuits that may be commenced by the Trustee for malpractice against any third party.

            d.      Any information or documents regarding any lawsuits that may be commenced by the Trustee against any third party in any jurisdiction either inside or outside of the United States.

            e.      Any other information or documents that relate to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the Debtor's estate including, but not limited to, the information contained in the Debtor's bankruptcy petition,

schedules and statements, and as to any matter permitted by Federal Rule of Bankruptcy Procedure 2004.

Due to fact that the requested information may relate to Field's representation of Debtor or any entity owned (either wholly or in part) or controlled by the Debtor, any request for information from the Trustee shall be by subpoena for records and/or testimony. To the extent the Trustee seeks information about any entity owned (either wholly or in part) or controlled by the Debtor, the Trustee shall specifically identify such entity in the subpoena and notice of deposition or examination. Additionally, the Trustee shall serve the notice of deposition or examination on counsel for Debtor; counsel for any entity owned (either wholly or in part) or controlled by the Debtor; and, if such entity is not specifically represented by counsel in the bankruptcy case *In re William Walter Plise* (Case Number BK-S-12-14724), any related litigation or proceedings, or the Trustee's own dealings with such entity, then on the resident or registered agent (or other suitable entity or person should no registered or resident agent exist) for any entity owned (either wholly or in part) or controlled by the Debtor.

The notice of deposition shall state that "Mr. Field may not assert an attorney-client privilege unless expressly asserted by the client at the examination in response to specific questions prior to his answer to the specific questions. If the Debtor (William Walter Plise), or any entity owned (either wholly or in part) or controlled by the Debtor (William Walter Plise), or any other individual or entity seeks to assert a privilege, such person or entity shall attend the deposition and assert it in response to specific questions. Should such individual or entity seek to assert a privilege but is unable to attend the scheduled deposition, such individual or entity shall immediately contact the Trustee and Mr. Field to reschedule the deposition within the 30 days following the noticed date of the deposition or as otherwise ordered by the court issuing the subpoena."

Field agrees to accept service of any subpoena from the trustee delivered via email to him at the following email address: jon@fieldlawltd.com. Field also agreed to keep the deposition or examination open should the Trustee need to continue the deposition or examination, including a revision in the scope of the deposition or examination, including any related record production. Any change in the scope of the examination shall require a new notice of deposition served by the Trustee that specifies any additional entities subject to the Trustee's inquiry in terms of documents requested or anticipated questions of Field.

5.  <u>Reservation of Rights</u>. Notwithstanding anything to the contrary contained in this Agreement, the Parties hereto expressly reserve unto themselves any claims or causes of action, whether at law or in equity, arising out of the non-performance of this Agreement by a Party. The Parties agree that if any Party hereto employs counsel or brings suit to enforce the terms or conditions of this Agreement, and if such Party is successful in such effort, he or it (as the case may be) shall be entitled to recover from the non-performing Party any and all damages, costs, expenses and attorneys' fees incurred as a result thereof.

6.  <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the Parties and supersedes all prior agreements, statements and representations with respect to the matters resolved herein.

7.  Successors Bound. This Agreement is binding upon and inures to the benefit of the heirs, successors and assigns of the Parties.

8.  Governing Law. This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and the United States Bankruptcy Code.

9.  Bankruptcy Court Jurisdiction. In the event of a dispute concerning this Agreement, the Parties agree and consent to the jurisdiction of the United States Bankruptcy Court for the District of Nevada.

10. Authority. The undersigned individuals execute this Agreement on behalf of the respective Parties, and represent and warrant that said individuals are authorized to enter into and execute this Agreement on behalf of such Parties and to consummate the transactions contemplated hereby. Each person signing this Agreement in their representative capacity represents and warrants that he or she has full and lawful authority from the Party he or she represents to make, execute and deliver this document on behalf of such Party. This Settlement Agreement has been duly and validly executed and delivered by such party, and assuming due execution and delivery hereof by the other parties hereto, this Settlement Agreement constitutes the valid and binding agreement and obligation of such party, enforceable against such party in accordance with its terms (except as such enforceability may be limited by bankruptcy, insolvency, reorganization, or similar laws affecting creditors' rights generally).

11. Execution of Additional Documents. The Parties agree to execute, in a timely manner, any and all documents that are, or may be, reasonably required to fully effectuate this Agreement.

12. Advice of Counsel. Each Party acknowledges and agrees that it has given mature and careful thought to this Agreement and that it has been given the opportunity to independently review this Agreement with legal counsel. The Parties further warrant and represent that no promise or representation of any kind or character has been made to them by the persons hereby released or by anyone acting for them except as is expressly stated in this Agreement.

13. Interpretation. In the event of an ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation of same shall not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsman.

14. Independent Terms. Should any of the provisions of the Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be part of this Agreement.

15. Waiver, Modification and Amendment. No provisions of this Agreement may be waived unless in writing and signed by all of the Parties. Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein. This Agreement may be modified or amended only by written agreement executed by all of the Parties.

16. <u>Counterparts; Acceptance of Signatures</u>. It is further provided and agreed that this Agreement may be executed in counterparts, that any Party may sign any counterpart and the Agreement shall be effective when each Party hereto shall sign the counterpart and that a set of counterparts bearing the signatures of each Party hereto shall constitute the Agreement as fully as if the Parties shall have signed a single document. The parties agree that this Agreement will be considered signed when the signature of a party is delivered by facsimile or electronic mail transmission. Such facsimile or electronic mail signature shall be treated in all respects as having the same effect as an original signature.

17. <u>No Admission</u>. Each of the parties hereto acknowledges and agrees that the terms of this Agreement are contractual and that the agreements herein contained and the consideration transferred hereunder is to compromise and settle the claims for relief in the Second Amended Complaint and to avoid litigation. Accordingly, the parties hereto acknowledge and agree that no statement made herein or payment, release, or other consideration given hereunder shall be construed as an admission by any party of any kind or nature whatsoever.

18. <u>Third Party Beneficiaries</u>. Except as expressly provided herein, no person or entity not a party hereto shall be deemed a third-party beneficiary of any provision of this Agreement or shall otherwise be entitled to enforce any provision hereof.

19. <u>Parties Bear Own Expenses Related To Settlement.</u> Each party will bear its own attorneys' and other fees, expenses and disbursements incurred by or on behalf of such party in connection with the negotiation and execution of this Settlement Agreement and consummation of the transactions contemplated hereby.

20. <u>Confidentiality</u>. The parties and their attorneys agree to keep the terms of this Agreement confidential, and agree not to disclose the same to anyone, except to the extent required by the Bankruptcy Court for the Trustee to obtain any necessary approvals for the settlement contained within this Agreement, or except to be used by a Party to defend any action brought contrary to this Agreement, or except as reasonably necessary to the extent required for any of the Party to this Agreement to carry out the terms of this Agreement, or except as ordered by the bankruptcy court.

*[Signatures to Follow On Next Page]*

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the date executed on the signature page below.

Executed this 24 day of September, 2013.

_____
Shelley D. Krohn, Chapter 7 Trustee

Executed this 24 day of September, 2013.

Counsel for Shelley D. Krohn, Chapter 7 Trustee

_____
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Nelson & Houmand, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169-0903

Executed this 18th day of September, 2013.

Jon E. Field                                                Field Law Ltd.

_____                    _____

Executed this 24th day of September 2013                By: Jon E. Field, its manager
Mountain Springs Development, LLC

_____
By: Randy Gepp, its manager

Executed this 24 day of September, 2013.

Counsel for Jon E. Field, Field Law Ltd., and
Mountain Springs Development, LLC

_____
Louis M. Bubala III, Esq. (NV Bar No. 8974)
50 West Liberty, Suite 950
Reno, Nevada 89501